Good morning. May it please the Court, my name is Torrence Lewis. I'm here on behalf of Vibe Micro, an appellant in this matter. We're here to determine whether the bankruptcy and district court subsequently, whether they're, they erred as a matter of law in holding that Vibe Micro, which was a fully vested 50% shareholder in the involuntary debtor, did not have standing as a matter of law. We seek statutory remedies under 11 U.S.C. 303i against the petitioner, SIG Capital. I'd like to start with a couple of bankruptcy code policies just because I believe that they should inform the decision here. And these are in the, this case which is the subject of the bankruptcy court and the district court's misunderstanding. That's Enri Miles. And also the case that Miles relies on in terms of bankruptcy policy, and that's MSR Exploration. And the first policy- Well, regardless of the policy questions, it seems to me that Miles held pretty clearly that only the debtor is the proper party and is the exclusive entity or person that can obtain fees. So is that a wrong reading of Miles? I don't think it- Regardless of whether it's right or wrong, is that a bad reading of the case? No, I think that's a fair reading, Your Honor, that you cannot seek, a third party cannot seek damages for themselves for their own injury. Well, then how can your client win based on Miles, since they are not the debtor? So, well, I don't think there's, you know, there's actually been a determination of whether they're the debtor. But I think there has to be a remedy in this case where- Excuse me, I thought they were a shareholder. They're not the debtor. Well, they're a 50 percent vested shareholder in the debtor. And no other- Does it? They appeared on behalf of the debtor, seeking relief payable to the debtor. Is appearing on behalf of the debtor good enough? And if you think it is, what's your support for that? Well, I think that there, in terms of, I think there has to be a remedy when a corporation or a company is completely deadlocked. Someone has to be the non-petitioning party or interest holder. Counsel, did Miles decide a factual circumstance similar to this one, where you're seeking to recover on behalf of the debtor as opposed to on behalf of yourself? I'm sorry? Did Miles involve a factual situation like the one here, where you're seeking to recover on behalf of the debtor as opposed to some unrelated third party? It did not. I mean, I think that the petitioners in- it's clear from the opinion that petitioners in Miles were third parties, strangers, seeking remedies for injury to themselves, not payable to the debtor. In this case, was there anybody, since there were 50% shareholders, was there anybody who had the legal ability to go into court and speak as the debtor? It was completely deadlocked. So, I mean, I think- So is that a yes or a no? What's that? I'm sorry? Well, I guess Judge Hecker is asking the same question. Whether that's a yes or a no, the doing this on its own behalf, whether it decided to or not, is a different question. Was it able to do this on its own if it had the will? It would have been able to, absolutely, if that determination had been made in advance and it was not deadlocked. So, for example, in the arbitration that was filed at the same time as the involuntary petition, my client was attempting to determine who could function as the debtor and what decisions we made going forward in terms of restructuring, dissolution, or what have you. And that was foreclosed. A determination on what the debtor was going to do was foreclosed by the petitioning creditor here, a contingent shareholder of the debtor, filing an involuntary petition to collect a single debt. So in the circumstances here, if the appellee is correct, no matter how much bad faith was involved in the filing, there would be no possibility of a recovery? I mean, I think that the holding below is as a matter of law, so I think that's correct. I mean, basically, not having a remedy in this case allows a bad faith involuntary petitioner to file it with impunity. I mean, I think that's absolutely what it means. And I think in your view as a weekly case, I think that's absolutely what it means. You go ahead. All right. In your view, what is the what would be the limiting principle if we were to see things your way? I mean, it's pretty clear it should be the debtor, as Judge Graber pointed out. Right. The remedy certainly has to be payable to the debtor. But in circumstances where you have a deadlocked company and one party, one insider is filing an involuntary petition, and obviously no other director, officer, et cetera, is able to or willing to appear to defend the debtor, to protect the interests of the debtor, a 50 percent vested shareholder should be able to appear to seek an award for that debtor. And the debtor never... So basically, it's a class of one, the way you've described it. I mean, that's such... Because the exact situation that you've described is fairly rare. I would like, before your time is up, for you to address the alternative possibility of affirmance, which relates to dismissal with consent of all the petitioners and the debtor. That is, the bankruptcy court said that VMI and SIG both wanted this dismissed. Is that consent? For purposes of the statute, I do not believe it's consent. There were different... What is dismissal? Well, there were different terms for consent. I'd also like to point out that the bankruptcy court did not have a briefing before this court, so it's not, and it wasn't a basis for the court's finding on standing. But I believe that... Did the debtor... The debtor never appeared in the bankruptcy court, correct? Not as such. So the debtor... Although... So the debtor as the debtor never consented, did it? It did not. And so, but again, I think that the actual... So it sounds like your argument is that for purposes of consent, the debtor has to be considered its own entity that's required to consent, but for purposes of standing, you can get around the fact that the debtor is the entity withstanding because it didn't want to act. And I guess I don't see the consistency in those positions. If I may continue, I... Just trying to wrap my head around that. I think that, first of all, the question of whether or not both parties consented, which is, right, a threshold issue for whether remedy is available. I think that they did not both consent in the terms the statute means. They were on different terms. One was seeking... You know, we filed our motion to dismiss early, and then they decided that it had been a waste of everybody's money and time, and so then they filed one. But they opposed ours in the sense that we sought additional relief. So I don't think it's consent on the same terms. Secondly, I mean, the debtor, yes, I think there may be some internal inconsistency there, but I still think you come back to my client appeared on behalf of the debtor, was transparent about that. There was no objection, which raised an issue that we've also briefed in regard to whether they've waived the question of statutory standing. And they sought an award payable to the debtor. I think that any rule that doesn't permit my client to do that basically is permitting a bad-faith involuntary Petitioner to file with impunity and get away with it. And I think that's contrary to the policy and the code where the drafters took great care to build into the code provisions that would prevent and deter abusive process. Thank you. Thank you. We used a lot of your time, so you may have a minute for rebuttal through Mr. Stephens as argued. Good morning. May it please the Court, I am David Stephens, our SIG Capital, which is the appellee in this matter. We are requesting that this Court affirm the decision by Judge Boer from the Nevada District Court. Some key factors in this case that have to be considered is the fact that SIG Capital was not a shareholder. They had an option to become a shareholder by investing a million dollars in building kiosks, and the initial term was they had to build 1,000 kiosks. My client then puts $900,000 into this business, $550,000 represented by a $400,000, and he's got nothing. He's got nothing. So he files an involuntary petition. The notices we're getting from Vive Micro about this, they're all saying SIG Capital cannot participate, they're not a shareholder, which under the terms of the shareholder agreement is in fact true, but it's not like SIG Capital's an insider running around going crazy. They invested serious money into this business, developed kiosks, and that failed to happen. So, with that background in facts, it's important to understand that this case was dismissed by consent. If you read the opening transcript from Judge Davis who heard this case, the first thing she asked both parties, does everybody agree this matter should be dismissed? This is the August 28 hearing. My client says yes. Vive Micro says yes. She then goes on to hearing about the other issues being raised by this appeal, but clearly it was dismissed by consent. And as noted by the judge, Vive Micro can't have it both ways. They can't consent to a dismissal, but they can represent the debtor in every other way. Did the debtor appear? No, the debtor, 8 Speed 8, never appeared represented by anybody. Did the debtor, quad debtor, consent to the dismissal? How could that have happened if the debtor didn't appear? If the debtor didn't formally appear, it couldn't have happened unless, as you said, if the debtor didn't have any issues with the debtor, then they could have done it. But no, the debtor never was retained by an attorney, never retained an attorney, never made a formal appearance in this matter. So, it seems to me that your argument, if I understand it, is as follows. If Vive Micro is not the debtor, then Miles controls because only the debtor can make the claim. And if they are the debtor, they have consented because they consented to dismissal. Is that a fair summary of your argument? That is a fair summary of my argument, yes, Your Honor. Well, they've also said that, even exclusive of this issue of who was actually the debtor, that there wasn't consent because their agreement to dismissal was a conditional one that they'd be able to seek these remedies. And the law goes both ways on that, correct? That is correct. The law does split both ways on that. And I don't, I'm not aware of any Ninth Circuit precedent specifically on point on that issue. But for purposes of where we're at, it's important to note that the Miles case is, the Ninth Circuit went through a great explanation, great detail in the Miles case, analyzing how we get to the point that it's just the debtor that's supposed to do that. And it's our position that only the debtor, under the name Miles, can seek the remedies set forth in 303I of the bankruptcy code. And if you open the door to other people coming in, whether they're 50 percent shareholders, creditors, et cetera, you've opened the door and nobody knows where it's going to end. Keep in mind, 5 Micro is not without remedies. There's a board of directors for 8 Speed 8. There are officers of 8 Speed 8. None of that was undertaken. We're going to meet with the board and try to figure out what we're going to do. As the officer, I believe Mr. Mandel, who was the president of 8 Speed 8, no, they just jumped in with both feet saying we've got an impasse and therefore we're going to jump in and we're going to talk for the debtor. It's SIG's position that this Chapter 7, had it gone through, would be better for everybody than being where we're at today because the assets would have been collected and liquidated. And if SIG wants to, if 5 Micro wants to buy the assets, they certainly can bid just like SIG Capital could bid on those assets because the corporation's basically done. This was all precipitated by the fact that they wanted more money from SIG Capital and SIG Capital checked what was there and there's nothing there and therefore that shareholder notice that they claim is bogus went out because they wanted to meet and figure out what we can do to find funds so we can finish what we're doing. SIG Capital objects, actually I got it backwards, 5 Micro objects saying that's not a valid notice, which by the way is probably correct under Nevada law. It didn't have the right information under Nevada law. But nonetheless, rather than meeting as shareholders and trying to iron out what they're going to do about this involuntary bankruptcy, they simply jumped in and say, hey, we're the debtor now and now we get to claim fees and costs and I just don't think that's the intent of the statute. They've got another matter proceeding, they supplemented their record just before the oral argument, dealing with an arbitration in Florida involving these parties relative to some of the issues they're concerned about. I have a question about that. You didn't take a position, as I understand it, on the request for judicial notice. What is the relevance, if any, of that material? The only relevance I can see, and you're right, we did not object to a judicial notice, is it shows that 5 Micro actually has other actions going forward against these parties to try to iron this out. They don't need to get damages from this court and the bankruptcy court. As a debtor, they've already proceeded with other remedies dealing with the handling of the funds of HB 8, et cetera. But they're certainly not allowed in the arbitration or any other proceeding under In re Miles to seek damages as a result of the involuntary bankruptcy filing, correct? Correct. Miles precludes that. Jurisdiction is solely in the bankruptcy court for damages for the involuntary filing. But that doesn't preclude them from seeking other damages. For example, if in fact the money was bled out of HB 8, not properly, they've certainly got a fraudulent transaction that has nothing to do with an involuntary bankruptcy. So there are other claims they could raise there that would not impact this, but they certainly cannot get damages for the involuntary bankruptcy. The Miles case solves it all. The Hammer case, which is just before that, also talks in the same kinds of terms. I don't know why, because they're saying for a 50% shareholder, they should be exempt from the requirements of being a debtor in order to claim damages, unless this Court's going to ignore Miles and the analysis done by Miles with respect to how Congress got to the point that they limited debtors to people who can get damages or attorney's fees and costs in a chapter 11, not chapter, any chapter of involuntary bankruptcy petition. And Miles goes through that, talks in terms of its possible abuse. A debtor could come in and abuse the process by saying, we'll do this, we'll do this, if we do or do not waive our fees. And so they limited it to avoid the kind of machinations that could happen in an involuntary chapter 11 or chapter 7, either one. And that's the kind of abuse that we're trying to avoid. The other issue or possibility is Judge Davis heard this evidence. She had a lengthy oral argument and made this decision. She has discretion as to whether to award attorney's fees or not or costs or not. And technically, they're going to be overturned for an abuse of discretion. Now, the response to that is she didn't really deal with the bad faith issue. But she explicitly didn't because of Miles, correct? Yes, because she felt under Miles that she didn't need to deal with the bad faith issue because the debtor was not by micro and therefore the debtor was not making the claim for attorney's fees and costs. So yes, clearly if you read her decision, she's limiting herself in that aspect to Miles, whether it was a bad faith filing or not. Without opening a can of worms, there's plenty of evidence this is not a bad faith filing. It's one that Vibe Micro doesn't like. But my client's a legitimate creditor of 8 Speed 8 who's loaned thousands and thousands of dollars to 8 Speed 8 in order to get this a functioning company. It's not a company that's going to liquidate 8 Speed 8, sell the assets, and get back what he could out of his secured debt. He's not trying to steal assets. He's not trying to act in bad faith. All he feels like is everybody's going forward, but I'm not getting anything back for my money. I don't have a kiosk. I've got $900,000 in this. I don't have one kiosk yet that functions. And they don't even have, if you look at his testimony, his depositions were part of the record. They don't even have a functioning model of a kiosk yet. And so why is he going to put more money into this? So he says no voluntary bankruptcy. That's completely good faith. And so the argument about faith is a bit of a red herring because, number one, it's not relevant. Two, I don't think there's bad faith here if it gets remanded back because Sig is who Sig is and they have a legitimate debt. Nobody's ever in any of the pleadings I've read said that Sig was not owed this money. Nobody said, hey, they're not a debtor. Nobody's disputed the amount, etc. Therefore, I think the creditor stands as such. The other issues is, being as 8speed8, it's not really a functioning company. Could there be damages? What possible damages could there be? If they liquidate it? One of the worst ways to hide anything is to file bankruptcy because trustees have a way of finding stuff. And they liquidate stuff and they find stuff and they pursue fraudulent transfers to insiders, etc. That's what trustees do. So if my client's actually trying to steal assets from 8speed8, the worst thing in the world he could do is file an involuntary 7, which would force, if it's granted, the imposition of a trustee who would then certainly go through the books and records of 8speed8 and look at the assets of 8speed8 and find out what had happened and then liquidate them fairly in equity, which is what trustees do. So the dumbest thing in the world for him to do would do that. Thank you, counsel. Thank you so much for your time. I appreciate it. Thank you. Mr. Lewis, you may have a minute for rebuttal. Thank you, Your Honor. Just very briefly, on the issue of the consent question that you raised, and I think there was some discussion, there's no authority I've seen, and Appelli certainly doesn't cite any, for how we would have not or how that threshold issue would have been crossed in terms of both parties' consent. I mean, obviously we were seeking different relief than they were. They were competing motions. The court granted ours. I just don't see that issue as dispositive here. I mean, and again, the court below has made no findings on bad faith. It's a very discreet issue. Does my client have standing as a matter of law to seek remedies payable to the debtor? And I think that it's consistent with Miles. I think that the principle of Miles is that it has to be payable to the debtor for an injury to the debtor. Thank you, counsel. Sorry. That's okay. You've used your time. Thank you. I think we understand everybody's position on this case. It's very challenging and we appreciate the arguments from both counsel, and that case is submitted for decision.
judges: Thacker, Graber, Bennett